IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL BRINKMAN,

        Plaintiff,

v.                                                                    No. 2:23-cv-0480-DLM[1]

CYFD STATE OF NM,
TOMMI FISHER, and
MARLEN CENICEROS,

        Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (Doc. 1.) Where the form Complaint prompts plaintiffs to describe the background of their case and to provide supporting facts, Plaintiff wrote "(see attached)." (*Id.* at 2–3.) The attachment, entitled "Motion to Release [B.B.] to his Mother," contains nine pages discussing legal standards and two pages of factual allegations. (*See id.* at 7–17.)

Plaintiff, who states she is [B.B.]'s mother, alleges that:

> [T]he state of New Mexico had no valid warrant to take [B.B.] from his mother . . . . [T]here is not any relevant factual basis for the removal of [B.B.] from his mother . . . . [T]here is evidence that actual deceit and deliberate indifference is involved in the removal of [B.B.] from his mother . . . . CYFD has told [Plaintiff] that [B.B.] is taken from her and delivered to his "father" Jake Fargher. However,

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915, which allows the Court to authorize commencement of a case without prepayment of the filing fee. (*See* Doc. 2.) Plaintiff has paid the filing fee. (*See* Doc. 5.) The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Sec. & Exchange Comm'n v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)).

> there is no DNA test or any birth certificate showing that Jake is actually [B.B.'s] father. . . .
>
> [A]ll the CYFD provided to [Plaintiff] as to why they sequestered [B.B.] is a one-page document with no factual basis (Exhibit A). In this one-page document, CYFD states that "if no petition is filed by May 30, 2023, the child or children will be released." As of May 30, 2023 no petition had been filed by CYFD—nor has a petition been filed or served as of this date. Yet, when [Plaintiff] went to the CYFD office on May 30, 2023 to retrieve her child, CYFD refused to release him.
>
> In terms of basic jurisdiction, New Mexico did not provide any evidence that [Plaintiff] and her child have been living in the area long enough . . . . [T]here is no jurisdiction let alone factual basis there is also no legal authority to keep him from [Plaintiff].

(*Id.* at 16–17.) Plaintiff asserts procedural and substantive due process claims and seeks the "*immediate* return of [her] son, [B.B.]." (*Id.* at 5 (emphasis added).)

The Complaint fails to state a claim for injunctive relief against Defendant CYFD, because CYFD is an arm of the State.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018). There are no allegations in the Complaint indicating that the State of New Mexico has waived, or that Congress has abrogated, the State of New Mexico's Eleventh Amendment immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (stating that the "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity" are when Congress has "abrogate[d] a state's Eleventh Amendment immunity" or when the state has "waive[d] its Eleventh Amendment immunity and consent[ed] to be sued").

The Complaint fails to state a claim for due process violations pursuant to 42 U. S.C. § 1983 against Defendants Fisher and Ceniceros, both of whom are "CYFD social worker[s]." (*See* Doc. 1 at 1–2.) "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). The only factual allegation regarding Defendant Fisher states Fisher "refused to release the child . . . to his mother." (Doc. 1 at 2.) The only factual allegation regarding Defendant Ceniceros states "Ceniceros wrote paperwork . . . with no legal basis." (*Id.* at 2.)

There are no factual allegations in the Complaint explaining the process due to Plaintiff or whether Plaintiff was provided notice and a hearing. (*See id.*) "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Onyx Properties LL v. B. of County Comm'rs of Elbert Cnty.*, 838 F.3d 1039, 1043 (10th Cir. 2016) (quotation omitted). "The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing." *Id.* at 1044 (quotation omitted); *see also Denver Homeless Out Loud v. Denver, Colo.*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

The Complaint fails to state a claim for a temporary restraining order and preliminary injunction.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Rule 65 further provides that an order granting an injunction or restraining order must "state the reasons why it issued; . . . state its terms specifically; and . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

"Because a preliminary injunction is an extraordinary remedy never awarded as of right, the movant must make a clear and unequivocal showing it is entitled to such relief." *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021) (quotation marks and citation omitted).

> To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest.

*Id.* (quotation marks and citation omitted). Although the Complaint alleges that Plaintiff sought the release of [B.B.] from CYFD, it does not allege that Plaintiff made any efforts to give notice to Defendants that she would seek a temporary restraining order or allege reasons why notice to Defendants should not be required. The Complaint also does not contain sufficient factual allegations showing that Plaintiff is substantially likely to succeed on the merits, that the threatened

injury outweighs the injury the opposing party will suffer under the injunction, or that the injunction would not be adverse to the public interest.

It appears that this case is barred by the *Younger* abstention doctrine, which "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether the *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation marks and citations omitted). There are no allegations in the Complaint indicating that the CYFD administrative proceeding is not ongoing, that the CYFD proceeding does not provide an adequate forum to hear Plaintiff's claims regarding her child, or that the CYFD proceeding does not involve an important state interest.

Finally, Plaintiff alleges "there is not any relevant factual basis for the removal of [B.B.] from his mother." (Doc. 1 at 16.) The Court has reviewed the docket for the case *New Mexico v. Brinkman*, No. M-14-MR-202300723, available at https://caselookup.nmcourts.gov/caselookup/ (last visited June 3, 2023); *see also United States v. Ivory*, 861 F. App'x 233, 238 n.4 (10th Cir. 2021) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.") (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)). New Mexico state-court records in *New Mexico v. Brinkman* indicate that Plaintiff was charged on May 25, 2023, with the following criminal charges: (i) two

5

for Obstructing Investigation of Child Abuse or Neglect; (ii) making a False Report of a Violation of the Criminal Code; and (iii) Use of Telephone to Terrify, Intimidate, Threaten, Harass, Annoy or Offend. The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure, discussed below, regarding statements in any documents she files with the Court.

The Court orders Plaintiff to show cause why the Court should not dismiss her Complaint for the reasons stated above. If Plaintiff asserts the Court should not dismiss any of the claims, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See*, for example, Fed. R. Civ. P. 10(b) ("A party must state it claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

6

Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss the claims in this case for the reasons stated above and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) The Clerk shall restrict access to this case to the Court and Case Participants because the Complaint refers Plaintiff's son, who is a minor, by his name.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE