IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL BRINKMAN,

       Plaintiff,

v.                                                                                                  No. 2:23-cv-00480-KG-DLM

CYFD STATE OF NM,
TOMMI FISHER, and
MARLEN CENICEROS,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"). *See* Doc. 1, filed June 2, 2023.

Plaintiff, who is proceeding *pro se* and states she is [B.B.]'s mother, alleges that:

> the state of New Mexico had no valid warrant to take [B.B.] from his mother ... there is not any relevant factual basis for the removal of [B.B.] from his mother ... there is evidence that actual deceit and deliberate indifference is involved in the removal of [B.B.] from his mother ... CYFD has told [Plaintiff] that [B.B.] is taken from her and delivered to his "father" Jake Fargher. However, there is no DNA test or any birth certificate showing that Jake is actually [B.B.'s] father.
> ....
> all the CYFD provided to [Plaintiff] as to why they sequestered [B.B.] is a one-page document with no factual basis (Exhibit A). In this one-page document, CYFD states that "if no petition is filed by May 30, 2023, the child or children will be released." As of May 30, 2023 no petition had been filed by CYFD—nor has a petition been filed or served as of this date. Yet, when [Plaintiff] went to the CYFD office on May 30, 2023 to retrieve her child, CYFD refused to release him.
> ....
> In terms of basic jurisdiction, New Mexico did not provide any evidence that [Plaintiff] and her child have been living in the area long enough ... there is no jurisdiction let alone factual basis there is also no legal authority to keep him from [Plaintiff].

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 16-17, Doc. 1, filed June 2, 2023 ("Complaint"). Plaintiff asserts procedural and substantive due process claims and seeks the "*immediate* return of my son, [B.B.]." Complaint at 5 (emphasis added).

United States Magistrate Judge Damian L. Martinez notified Plaintiff that:

(i) The Complaint fails to state a claim for injunctive relief against Defendant CYFD because CYFD is an arm of the State and there are no allegations in the Complaint indicating that the State of New Mexico has waived, or that Congress has abrogated, the State of New Mexico's Eleventh Amendment immunity. *See* Order to Show Cause at 2, Doc. 7, filed June 5, 2023 (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued").

(ii) The Complaint fails to state a claim for due process violations pursuant to 42 U. S.C. § 1983 against Defendants Fisher and Ceniceros, both of whom are CYFD social worker[s], because there are insufficient factual allegations regarding Fisher and Ceniceros' actions. *See* Order to Show Cause at 3 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).

(iii)     There are no factual allegations in the Complaint explaining the process due to Plaintiff or whether Plaintiff was provided notice and a hearing. *See* Order to Show Cause at 3 (quoting *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing.")).

(iv)     The Complaint fails to state a claim for a temporary restraining order and preliminary injunction because it does not contain sufficient factual allegations showing that Plaintiff is substantially likely to succeed on the merits, that the threatened injury outweighs the injury the opposing party will suffer under the injunction or that the injunction would not be adverse to the public interest. *See* Order to Show Cause at 4-5 (quoting *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021) ("Because a preliminary injunction is an "extraordinary remedy never awarded as of right, the movant must make a "clear and unequivocal" showing it is entitled to such relief")).

(v)     It appears that this case is barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court" because there are no allegations in the Complaint indicating that the CYFD administrative proceeding is not ongoing, that the CYFD proceeding does not provide an adequate forum to hear Plaintiff's claims regarding her child, or that the CYFD proceeding does not involve an important state interest. Order to Show Cause at 5 (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) and *Amanatullah v. Colo. Bd. of*

3

*Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (In determining whether *Younger* abstention is appropriate, the Court considers whether:

(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.).

Judge Martinez ordered Plaintiff to show cause why the Court should not dismiss her claims and to file an amended complaint. *See* Order to Show Cause at 7 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the June 26, 2023, deadline.

The Court dismisses this case because: (i) the Complaint fails to state a claim for the reasons stated above; (ii) Plaintiff did not show cause why the Court should not dismiss this case; (iii) Plaintiff did not file an amended complaint; and (iv) Plaintiff did not otherwise respond to Judge Martinez' Order to Show Cause.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**

4